

**ORDERED in the Southern District of Florida on February 16, 2024.**

**Erik P. Kimball**
**Chief United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

TIFFIANY TAMARA ROLLE,

      Debtor.

_____/

Case No. 22-16909-EPK
Chapter 13

### ORDER OVERRULING IN PART
### OBJECTION TO CLAIM OF BELLISSIMO PROPERTIES, LLC

**THIS MATTER** came before the Court for hearing on February 6, 2024 upon the *Objection to Claim Number 6 of Bellissimo Properties, LLC* [ECF No. 69] (the "Objection") filed by the debtor, Tiffiany Tamara Rolle, and the response thereto [ECF No. 72] filed by Bellissimo Properties, LLC.  For the reasons that follow, the Court will overrule the Objection to the extent it argues that a portion of Bellissimo's claim should be disallowed because of a Florida statute of limitations and to the extent it argues that a portion of Bellissimo's claim should be disallowed under the equitable doctrine of laches.  The Court will set an evidentiary hearing to consider that component of the Objection in which Ms. Rolle argues that she made partial payments on Bellissimo's loan that are not reflected in Bellissimo's proof of claim.

Ms. Rolle filed a voluntary chapter 13 petition on September 5, 2022. ECF No. 1. In her schedules filed with the petition, Ms. Rolle listed Bellissimo as having an undisputed claim in the amount of $12,000 secured by a mortgage on Ms. Rolle's home and indicated that Bellissimo had a pending foreclosure action against her. *Id.* Ms. Rolle's initial chapter 13 plan provided for 60 monthly payments of $200 in satisfaction of that claim. ECF No. 7. Ms. Rolle's amended schedules filed in November 2022 and December 2022 made no changes with regard to Bellissimo's claim. ECF Nos. 22 and 29.

On October 25, 2022, Bellissimo filed proof of claim 6-1 stating a secured claim in the amount of $46,851.20. The claim consisted of the original principal of $12,000, prepetition interest of $24,180 at the 13% note rate, and $10,671.20 in prepetition fees and costs. Bellissimo's proof of claim includes a copy of the relevant promissory note with an assignment from the original payee to Bellissimo, along with a copy of the mortgage.

Bellissimo objected to confirmation of Ms. Rolle's chapter 13 plan. ECF No. 24. Among other things, Bellissimo argued that the plan did not provide for payment in full of Bellissimo's secured claim nor did it provide for payment of interest on the outstanding amount going forward.

Ms. Rolle filed a first amended plan on December 9, 2022. ECF No. 25. That plan provided for payment of only $15,928.80 to Bellissimo in 60 monthly installments. Ms. Rolle's first amended plan did not conform to Bellissimo's proof of claim 6-1 nor did Ms. Rolle file an objection to the claim at that time.

Ms. Rolle then filed a late motion for referral to the Court's mortgage modification mediation program, which was granted on January 20, 2023, directing Ms. Rolle and Bellissimo to mediation. ECF No. 30 and 39. In the meantime, on January 3, 2023, Ms. Rolle filed a second amended plan. ECF No. 31. In her second amended plan, Ms. Rolle provided

2

for 60 monthly payments of $265.48 to Bellissimo, for a total of $15,928.80. The second amended plan contained the Court's required language in light of the mediation order, stating that Ms. Rolle was to make certain minimum payments to Bellissimo pending the outcome of the mediation, and preserving Ms. Rolle's right to object to Bellissimo's claim if the mediation did not result in an agreement. The Court confirmed the second amended plan by order entered February 27, 2023. ECF No. 51.

Ms. Rolle defaulted in payments under the confirmed second amended plan and the Court dismissed this case by order entered July 6, 2023. ECF No. 55. The case was reinstated by order entered August 22, 2023. ECF No. 60.

As a result of impasse in the mediation with Bellissimo, in September 2023 Ms. Rolle sought to modify her plan. ECF Nos. 62 and 64. Ms. Rolle proposed to pay Bellissimo via 12 monthly payments of $259.00 followed by 48 monthly payments of $101.17, intended as maintenance payments, plus 48 monthly payments of $118.00 for arrears, for a total of $13,628.16. Bellissimo objected to the proposed modification. ECF No. 66.[1]

The following month, on October 29, 2023, Ms. Rolle filed the Objection.[2] Ms. Rolle presents three issues for consideration. She argues that Bellissimo's claim must be reduced by the amount of all installment payments that came due more than five years before Bellissimo filed its foreclosure complaint against Ms. Rolle on April 29, 2022—meaning any installment payments that came due prior to April 29, 2017. Ms. Rolle argues that collection of such installments is time barred as a result of Florida's five-year statute of limitations for

---

[1] The Court has yet to rule on the proposed modification in light of the pending Objection under consideration here. If the Objection is not sustained in full, the existing motion to modify will be denied and it appears unlikely Ms. Rolle will be able to propose a viable modification to her existing plan.

[2] The hearing on the Objection was continued multiple times, apparently to permit the parties to mediate and otherwise attempt to settle. ECF Nos. 70, 73, 77, 80.

actions to foreclose a mortgage. Fla. Stat. § 95.11(2)(c). Ms. Rolle challenges Bellissimo's position that she never made a payment on the subject loan, stating that she made "up to one year's worth of payments." Finally, Ms. Rolle objects to fees incurred by Bellissimo in vacating a settlement with the chapter 7 trustee for Bellissimo's predecessor, under the equitable doctrine of laches, arguing that Bellissimo "sat on its rights for fifteen years."

Ms. Rolle's argument based in laches is the easiest to dispose of. Ms. Rolle's original lender became a debtor in chapter 7. Ms. Rolle entered into a settlement with the chapter 7 trustee in that case, resulting in satisfaction of two mortgages including the one securing Bellissimo's claim here. A few years later, Bellissimo learned of the settlement and release of its mortgage and Bellissimo informed the chapter 7 trustee that Bellissimo had obtained the note and mortgage before the original lender's bankruptcy case was filed. Because the original lender's chapter 7 trustee had no authority to settle and release obligations then held by Bellissimo, the bankruptcy court in that case entered orders undoing the settlement and restoring Bellissimo's mortgage. Based on Ms. Rolle's own description of these facts in the Objection, there is no reason to believe Bellissimo exhibited unreasonable delay in seeking to reinstate its mortgage that had been wrongfully terminated without notice to Bellissimo. Even if Bellissimo's failure to call a default and attempt to collect from Ms. Rolle for a period of years was sufficiently related to Bellissimo's need to incur fees and expenses in connection with the inappropriate release of its mortgage, which it is not, Bellissimo correctly points out that such delay was to Ms. Rolle's benefit, not to her detriment, and would not support application of the doctrine of laches.

In support of the statute of limitations argument, Ms. Rolle cites only an unpublished order in the chapter 13 case of Franci Mara Keyes, previously pending in this district. *In re Keyes*, No. 22-16950, 2023 Bankr. LEXIS 2057 (Bankr. S.D. Fla. Aug. 22, 2023). The court in

4

*Keyes* cites *Greene v. Bursey*, 733 So. 2d 1111, 1114-15 (Fla. 4th DCA 1999) for the proposition that the statute of limitations under a promissory note providing for installment payments runs from the due date for each payment, so that "the statute of limitations may run on some installments but not others," *id.* at 1114 (citation omitted), and also for the proposition that the statute of limitations may be triggered at an earlier date as a result of the lender exercising a right to accelerate, *id.* at 1115. The *Keyes* order includes a block quote from *Greene* addressing these issues. However, in the very next paragraph following the text quoted in *Keyes*, the *Greene* decision states that because the lender had never accelerated the note, "the statute of limitations on the underlying note would not have commenced until it matured." *Id.* at 1115 (citation omitted). Thus, the *Greene* court itself acknowledged that even where installments remain unpaid for more than five years, if the note provides for a final maturity at which time all unpaid sums are due, and there was no acceleration in the meantime, the statute of limitations does not begin to run until maturity. Perhaps more importantly, the ultimate holding in *Greene* is based on the terms of a guaranty that was the basis of the claim presented there, not on the related note, so the analysis in *Greene* has no bearing on the case before this Court. The Court declines to follow the ruling in *Keyes*.

Bellissimo holds a traditional mortgage loan, providing for monthly installments, the right but not the obligation to accelerate the debt following a default by Ms. Rolle, and an ultimate maturity date at which time all unpaid sums become due. The application of the Florida statute of limitations depends on what recovery the lender seeks. The lender may accelerate the loan following a default, in which case the statute of limitations runs from the time of acceleration. The lender may wait for the date of maturity. If the lender has not previously accelerated, then the statute of limitations will run five years after the maturity date. Finally, although extremely uncommon, it is technically possible for a lender on an

installment obligation to seek judgment only for those installments that have come due and were not paid without accelerating. If the lender elects to proceed in this manner, then the suit may only seek collection of those sums that were actually in default within the past five years. But even if a lender determines to pursue only those installments that came due in the five years prior to commencing suit, this does not mean that earlier installments may never be collected. The lender may accelerate the loan as a result of a later default or wait for the loan to mature. In either case, all unpaid amounts would then be due and collectible. There is ample Florida and federal case law to support the Court's analysis. *Green v. Specialized Loan Servicing LLC*, 766 F. App'x 777 (11th Cir. 2019) (collecting and analyzing cases); *BCML Holding LLC v. United States Bank Nat'l Ass'n (In re BCML Holding LLC)*, No. 18-01129-EPK, 2018 Bankr. LEXIS 1530 (Bankr. S.D. Fla. May 24, 2018); *Grdic v. HSBC Bank USA, N.A.*, 267 So. 3d 473 (Fla. 2d DCA 2019); *Grant v. Citizens Bank, N.A.*, 263 So. 3d 156 (Fla. 5th DCA 2018); *Bank of Am., N.A. v. Graybush*, 253 So. 3d 1188 (Fla. 4th DCA 2018); *Gonzalez v. Fed. Nat'l Mortg. Ass'n*, 276 So. 3d 332 (Fla. 3d DCA 2018).

      Ms. Rolle argues that Bellissimo did not accelerate its loan before she filed her bankruptcy petition. This seems extremely unlikely as Bellissimo filed a foreclosure complaint and it is the norm in Florida for a foreclosure complaint to include an explicit acceleration provision, which is sufficient under Florida law to achieve acceleration. *Liles v. Savage*, 163 So. 399, 400 (Fla. 1935); *Graybush*, 253 So. 3d at 1191-92. But it does not matter whether Bellissimo formally accelerated its loan before Ms. Rolle filed her bankruptcy petition. "[W]hen the right to accelerate the debt for non-payment is optional with the holder of the note, the statute of limitations does not run until the note is due unless the lender or holder accelerates and declares the full balance due earlier." *Grant*, 263 So. 3d at 158 (citing *Bolletieri Resort Villas Condo. Ass'n v. Bank of New York Mellon*, 228 So. 3d 72, 74 (Fla. 2017)

(Lawson, J., concurring)).  If Bellissimo has not accelerated the loan as Ms. Rolle argues, then the statute of limitations will not run until five years after the April 1, 2037 maturity of the note, or April 1, 2042.[3]

Finally, Ms. Rolle states that she disputes the tabulation attached to proof of claim 6-1 which indicates that Ms. Rolle never made a payment on the subject note.  In the Objection, Ms. Rolle states that she "recalls making up to one year's worth of payments, but she is not sure as to exactly how many payments were made towards the [loan]."  At the hearing on the Objection, Bellissimo stated that its records indicate Ms. Rolle never made a payment.  There is a dispute of fact.  The Court will set an evidentiary hearing solely to address this component of the Objection.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.  The Objection [ECF No. 69] is OVERRULED IN PART as provided herein.

2.  To the extent the Objection [ECF No. 69] argues that proof of claim 6-1 is subject to disallowance in part as a result of the Florida statute of limitations or as a result of the equitable doctrine of laches, the Objection is OVERRULED.

3.  To the extent the Objection [ECF No. 69] argues that proof of claim 6-1 is subject to disallowance in part as a result of partial payments made by Ms. Rolle to the claimant or its predecessor in interest, the Court will hold an evidentiary hearing, to be set

---

[3] The Court notes that, in general, it is not necessary for a lender to formally accelerate a debt to preserve its right to present the entire obligation as a claim in bankruptcy.  Under the Bankruptcy Code, claims specifically include "unmatured" amounts.  11 U.S.C. § 101(5)(A).  A claim is not subject to objection on the basis that it includes unmatured sums other than unmatured interest.  11 U.S.C. § 502(b)(1)-(2).  All claims are effectively accelerated for purposes of allowance in a bankruptcy case. *In re Skyler Ridge*, 80 B.R. 500, 507 (Bankr. C.D. Cal. 1987) ("The automatic acceleration of a debt upon the filing of a bankruptcy case is well established."); *see also*, *Nationwide Mut. Ins. Co. v. Optel (In re Optel, Inc.)*, 60 F. App'x 390, 394 (3d Cir. 2003); *In re Manville Forest Prods. Corp.*, 43 B.R. 293, 297-98 (Bankr. S.D.N.Y. 1984) (citing cases), *rev'd on other grounds*, 60 B.R. 403 (S.D.N.Y. 1986); H.R. Rep. No. 95-595, at 353 (1977) (stating that "bankruptcy operates as the acceleration of the principal amount of all claims against the debtor").

by separate order, to permit Ms. Rolle and Bellissimo to present evidence solely on that component of the Objection.

###

Copy furnished to:
Rachamin Cohen, Esq.

*Rachamin Cohen, Esq. is directed to serve a copy of this order on all appropriate parties and file a certificate of service.*